COOLEY LLP
TIMOTHY S. TETER (171451) (teterts@cooley.com)
BENJAMIN DAMSTEDT (230311) (bdamstedt@cooley.com)
CHRISTOPHER T. PASICH (299191) (cpasich@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

EAMONN GARDNER (pro hac vice) (egardner@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CyWee Group Ltd.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Apple Inc.,<br><br>　　　　　Defendant. | Case No.  3:14-cv-01853-HSG<br><br>**APPLE INC.'S ANSWER TO CYWEE GROUP LTD.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

　　　　Defendant Apple Inc. ("Apple") hereby responds to Plaintiff CyWee Group Ltd.'s ("CyWee") Second Amended Complaint for Patent Infringement (the "Complaint") as follows:

**THE PARTIES**

　　　　1.　　Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and on that basis denies each and every one of them.

　　　　2.　　Denied.

　　　　3.　　Admitted.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No.  3:14-cv-01853-HSG                                      APPLE'S ANSWER TO SECOND AM. COMPL.

**JURISDICTION AND VENUE**

4. Apple admits that CyWee's Complaint purports to bring an action for patent infringement under the patent laws of the United States, Title 35, United States Code. Apple admits that this Court has jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Apple admits that this Court has personal jurisdiction over Apple for this action. Apple admits that it is incorporated and has its principal place of business in this District and has conducted and does conduct business within this District. Apple denies that it has committed any acts of patent infringement either in this District or elsewhere. Apple denies the remaining allegations in paragraph 5 of the Complaint.

6. Apple admits that venue is technically proper in this District pursuant to 28 U.S.C. §§1391(b) and 1400(b) for this action. Apple admits that it resides in this District and has a regular and established place of business in this District. Apple denies that it has committed any acts of patent infringement either in this District or elsewhere, and denies any and all remaining allegations in paragraph 6 of the Complaint.

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,552,978**

7. Apple hereby incorporates by reference its answers contained in paragraphs 1-6 as if fully set forth herein.

8. Apple admits that the face of U.S. Patent No. 8,552,978 ("the '978 Patent") indicates that it is entitled "3D Pointing Device and Method for Compensating Rotations of the 3D Pointing Device Thereof," and indicates that it issued on October 8, 2013. Apple admits that the face of the '978 Patent lists Zhou Ye, Chin-Lung Li, and Shun-Nan Liou as named inventors. Apple also admits that the face of the patent identifies CyWee as the purported assignee of the patent. Apple also admits that a purported copy of the '978 Patent is attached as Exhibit A to the Complaint. Apple denies that the '978 patent was duly and legally issued and denies any and all remaining allegations contained in paragraph 8 of the Complaint.

9. Apple lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies any and all allegations

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:14-cv-01853-HSG    2.    APPLE'S ANSWER TO SECOND AM. COMPL.

1   contained in paragraph 9 of the Complaint as to Apple.

2       10.    Denied.

3       11.    Apple lacks sufficient information to form a belief as to the truth of the allegations
4   contained in paragraph 11 of the Complaint, and on that basis denies any and all allegations
5   contained in paragraph 11 of the Complaint as to Apple.

6       12.    Denied.

7       13.    Denied.

8       14.    Denied.

9       15.    Denied.

10      16.    Denied.

11      17.    Denied.

12      18.    Denied.

13      19.    Denied.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,441,438

15      20.    Apple incorporates by reference its answers contained in paragraphs 1-19 as if
16  fully set forth herein.

17      21.    Apple admits that the face of U.S. Patent No. 8,441,438 ("the '438 Patent")
18  indicates that it is entitled "3D Pointing Device and Method for Compensating Movement
19  Thereof," and that it issued on May 14, 2013. Apple admits that the face of the '438 Patent lists
20  Zhou Ye, Chin-Lung Li, and Shun-Nan Liou as named inventors. Apple also admits that the face
21  of the patent identifies CyWee as the purported assignee of the patent. Apple also admits that a
22  purported copy of the '438 Patent is attached as Exhibit B to the Complaint. Apple denies that
23  the '438 patent was duly and legally issued and denies any and all remaining allegations
24  contained in paragraph 21 of the Complaint.

25      22.    Apple lacks sufficient information to form a belief as to the truth of the allegations
26  contained in paragraph 22 of the Complaint, and on that basis denies any and all allegations
27  contained in paragraph 22 of the Complaint as to Apple.

28      23.    Denied.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:14-cv-01853-HSG      3.      APPLE'S ANSWER TO SECOND AM. COMPL.

1  24. Apple lacks sufficient information to form a belief as to the truth of the allegations
2  contained in paragraph 24 of the Complaint, and on that basis denies any and all allegations
3  contained in paragraph 24 of the Complaint as to Apple.

4  25. Denied.
5  26. Denied.
6  27. Denied.
7  28. Denied.
8  29. Denied.
9  30. Denied.
10  31. Denied.

## GENERAL DENIAL

Apple denies each and every factual or legal allegation in CyWee's Complaint that it did not expressly admit above.

## CYWEE'S PRAYER FOR RELIEF

Apple denies that CyWee is entitled to any relief requested in its Prayer for Relief, either as prayed or otherwise. To the extent that CyWee's Prayer for Relief may be deemed to allege any facts, Apple denies each and every allegation.

## DEMAND FOR JURY TRIAL

Apple requests a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

Apple reserves the right to amend its Answer, including asserting additional defenses as discovery progresses. Without altering any applicable burdens of proof, Apple alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

1. CyWee's Complaint should be dismissed for failure to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE (NON-INFRINGEMENT)

2. Apple has not infringed and is not infringing, directly or indirectly, literally or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. 3:14-cv-01853-HSG                4.                APPLE'S ANSWER TO SECOND AM. COMPL.

under the doctrine of equivalents, any valid, enforceable claim of the '978 Patent or the '438 patent.

### THIRD AFFIRMATIVE DEFENSE (INVALIDITY)

3. The claims of '978 and the '438 patents are invalid for failure to meet the requirements for patentability under 35 U.S.C. §§ 101, *et. seq.*, including, but not limited to §§ 101-103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE (STATUTORY LIMITATIONS)

4. CyWee is barred or limited in recovery, in whole or in part, by 35 U.S.C. §§ 286, 287.

### FIFTH AFFIRMATIVE DEFENSE (PROSECUTION HISTORY ESTOPPEL)

5. CyWee is estopped from construing any claim of '978 and the '438 patents to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Apple in view of the prior art and because of admissions and statements CyWee made to the USPTO during prosecution of the application leading to the issuance of '978 and the '438 patents.

### SIXTH AFFIRMATIVE DEFENSE (NO INJUNCTIVE RELIEF)

6. CyWee is not entitled to injunctive relief because any alleged injury to CyWee is not immediate or irreparable, and CyWee would have an adequate remedy at law.

### RESERVATION OF RIGHTS

7. Apple reserves all other affirmative defenses pursuant Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the Unites States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in the case.

### APPLE'S PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests that the Court enter judgment in its favor on the foregoing and enter a judgment granting the following relief:

a. That the Court dismiss CyWee's claims in their entirety, with prejudice;

b.  That Apple has not infringed and is not now infringing any claim of the '438 patent or the '978 patent;

c.  That all asserted claims of the '438 and '978 patents are invalid and/or unenforceable;

d.  A judgment denying CyWee any and all of its requested relief and any relief whatsoever;

e.  A judgment that this case is exceptional pursuant to 35 U.S.C. § 285, and that Apple is entitled to recovery of its costs of suit, including reasonable attorneys' fees; and

f.  For such other relief as the Court may deem just and proper.

Dated: June 14, 2016

*/s/ Benjamin G. Damstedt*
Timothy S. Teter (171451)
teterts@cooley.com
Benjamin G. Damstedt (230311)
bdamstedt@cooley.com
Christopher T. Pasich (299191)
cpasich@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

EAMONN GARDNER (pro hac vice)
egardner@cooley.com
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on June 14, 2016, with a copy of this document via the Court's CM/ECF system per Local Rules. Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or first class mail on this date.

By: */s/ Benjamin G. Damstedt*