Jill F. Kopeikin (State Bar No. 160792)
Valerie M. Wagner (State Bar No. 173146)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 510
Mountain View, CA 94040
Telephone: (650) 482-3900
Fax: (650) 428-3901
jkopeikin@gcalaw.com
vwagner@gcalaw.com

Michael W. Shore (Texas 18294915)*
Alfonso G. Chan (Texas 24012408)*
Jennifer M. Rynell (Texas 24033025)*
Ari B. Rafilson (Texas 24060465)*
Yong Peng (Texas 24099772)*
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
jrynell@shorechan.com
arafilson@shorechan.com
epeng@shorechan.com

* Admitted *Pro Hac Vice*
Attorneys for Plaintiff
CYWEE GROUP LTD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 14-cv-01853-HSG <br><br> **PLAINTIFF'S MOTION TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Hearing Date: December 1, 2016 <br> Hearing Time: 9:00 a.m. <br> Judge: Haywood S. Gilliam, Jr. |

## I.   NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on December 1, 2016 at 9:00 a.m., Plaintiff CyWee Group Ltd. ("CyWee") will and hereby does, seek an order for leave to amend its Infringement Contentions.

Pursuant to Patent L.R. 3-6, CyWee seeks to amend its infringement contentions to (1) add two recently released products and (2) allege that all asserted claims of U.S. Patent No. 8,441,438 (the "'438 patent") and claims 10 and 12 of U.S. Patent No. 8,552,978 (the "'978 patent") are entitled to an earlier priority date based on its provisional application.

CyWee also moves for leave to amend its 3-1 and 3-2 disclosures to allege a priority date based on CyWee prototypes. CyWee expects to amend promptly following counsel's trip to Taiwan next week to personally verify the facts.

## II.   POINTS AND AUTHORITIES

### 1.   Factual Background.

On May 12, 2016, CyWee served Apple with its Amended Infringement Contentions pursuant to a prior stipulation between the parties ("May 2016 Amended Contentions"). Declaration of Ari Rafilson ("Rafilson Decl.") ¶ 2; *see also* Dkt. No. 85. CyWee did not, at that time, claim a priority date earlier than the filing date of the two patents-in-suit, but explicitly reserved the right to do so in response to Patent L.R. 3-1(f). Ex. A § 3-1(f)[1] ("CyWee makes no claim or assertion applicable to this provision at this time, but specifically reserves the right to do so."). At the time, CyWee's counsel was actively gathering information from and conferring with its client regarding CyWee's ability to claim an earlier priority date, but did not have adequate verified information to claim the earlier date. Rafilson Decl. ¶ 2. The task of gathering information was complicated by numerous potentially relevant documents collected and reviewed

---

[1] All exhibits are attached to the Declaration of Ari Rafilson.

by counsel that were in Chinese, the dispersion of key witnesses since conception, and the complexity of the technology claimed. *Id.*

During the last week of September 2016, in preparation for depositions and other matters, CyWee's counsel traveled to Taiwan and personally confirmed information sufficient to allow CyWee to claim a priority date at least as early as the filing of its provisional application. Rafilson Decl. ¶ 3. The following week, on October 5, 2016, CyWee's counsel notified Apple that its investigation was ongoing, but that CyWee expected to be able to claim priority *at least* back to the provisional application filing date. Ex. B. CyWee's counsel made this notification as promptly as possible "before any depositions took place." *Id*. To date, no depositions have been taken, more than two months remain in discovery, and trial is not scheduled to commence until late August 2017. *See* Dkt. No. 95.

Also, on September 7, 2016, after CyWee submitted its May 2016 Amended Contentions, Apple released two new devices, the iPhone 7 and iPhone 7 Plus, which CyWee seeks to specifically add to its updated contentions. Ex. C.

CyWee's counsel conferred with Apple's counsel on October 11, 2016, and twice on October 13, 2016 regarding the relief sought in this motion. Rafilson Decl. ¶ 5. On October 14, 2016, Apple advised that it opposes the relief sought herein. *Id.*

**2.     Legal Standard.**

Amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Here, good cause exists to allow CyWee to amend its infringement contentions to (1) add two products that had not yet been released when CyWee filed its prior contentions and (2) claim an earlier priority date in light of information diligently confirmed to be accurate by CyWee's counsel after the prior filing. CyWee does not seek to alter its theories of infringement or to change in any manner the type of evidence that will be introduced to prove infringement at trial. The only changes are to add products that indisputably could not have been accused of infringement earlier and to correct the claimed priority date, a change that has no effect on the proof related to infringement to be offered at trial.

Patent L.R. 3-6 requires that a patentee identify, "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." In its May 2016 Contentions CyWee's attorneys identified a priority date on the cover of the patent, the application filing date. To claim an earlier priority date in a pleading, CyWee's counsel had to be able to sign the pleading in compliance with Rule 11. Since its previous priority date representation, CyWee's counsel has been locating, translating, and analyzing with the help of its experts, numerous documents potentially related to the conception and reduction to practice of the claimed inventions. After an exhaustive analysis in multiple languages, CyWee's counsel is now convinced that it can in good faith and in fulfillment of their duties under Rule 11 amend the priority date as described below.

This Court has held that "a two-step analysis is required to determine if good cause exists to amend infringement contentions: first, the court must determine whether the moving party was diligent in amending its contentions; second the court must determine whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012). Even if the plaintiff has not been diligent, a court may find good cause to grant leave to amend. *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012). Accordingly, one court in this district allowed Apple to amend its own contentions despite a lack of diligence.[2]

Ultimately, this Court has held that its local rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) (quotes omitted). But it has also noted that "the rule is not a straitjacket into which litigants are

---

[2] Courts have allowed amendments, even where there was a lack of diligence, when the movant made an honest mistake, the request to amend did not seem motivated by gamesmanship, and where ample time for discovery remained. *Samsung*, 2012 WL 5632618, at *5.

PLAINTIFF'S MOTION TO AMEND INFRINGEMENT CONTENTIONS     3     CASE NO. 14-CV-01853-HSG

locked from the moment their contentions are served." *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007). Here, CyWee's theory of infringement is ***not*** changing.

### 3. Good Cause Exists to Allow CyWee to Amend its Infringement Contentions to Accuse the iPhone 7 and iPhone 7 Plus.

CyWee served its May 2016 Amended Contentions before Apple released the iPhone 7 and iPhone 7 Plus. *See* Exs. A, C. Further, as a result of those contentions, Apple has been on notice that CyWee intended to allege infringement of newly-released devices, as those contentions accuse "[e]very model of iPhone released since the iPhone 4s" for the asserted claims of the '438 patent and claims 10 and 12 of the '978 patent. Ex. A § 3-1(b). Those contentions also allege infringement of claims 1 and 3 of the '978 patent for "[e]very model of iPhone released since the iPhone 6s . . . ." *Id.* A redline of CyWee's proposed amended contentions (without the claim charts)[3] is attached as Exhibit D. Amendments for the iPhone 7 and iPhone 7 Plus appear in § 3-1(b) of that document, and accuse those Apple devices of infringing all asserted claims.

CyWee could not, as a practical matter, specifically accuse the iPhone 7 and iPhone 7 Plus before they were released by Apple and offered for sale. Apple released those devices to the public approximately one month ago, and there has been a shortage of those devices since. *See* Ex. C. CyWee has been diligent in seeking to amend its infringement contentions shortly after the device was released. Apple will not suffer any prejudice because the additional iPhones were not available previously, and CyWee's infringement theory for these new devices is consistent with its allegations of infringement for prior accused iPhones.

Based on similar facts, Magistrate Judge Grewal allowed Samsung to amend its infringement contentions to include the iPhone 5 because that product was not released when Samsung submitted its prior contentions, holding that "Samsung acted with reasonable diligence

---

[3] If the Court grants CyWee's motion, CyWee will include, with its newly amended contentions, charts pursuant to Patent L.R. 3-1(c) for the iPhone 7 and iPhone 7 Plus. CyWee's infringement read for these newly added products is consistent with its read for the iPhone 6 and iPhone 6 Plus, which were included in CyWee's May 2016 Amended Contentions.

as soon as it discovered 'nonpublic information . . . which was not discovered, despite diligent efforts, before the service of its Infringement Contentions.'" *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012). He further held that Apple would not be prejudiced by Samsung's addition of the iPhone 5 because the amendment "merely adds another device that has the same accused functionality as the previous versions of the iPhone." Likewise, CyWee should be permitted to add newly released products to its contentions.

### 4. Good Cause Exists to Allow CyWee to Amend its Infringement Contentions to Allege an Earlier Priority Date.

#### a. CyWee has Been Diligent in Amending its Contentions.

CyWee also seeks to amend its infringement contentions in light of information it could confirm only recently. At the time CyWee submitted its May 2016 Amended Contentions, CyWee understood that it *might* be able to claim a priority date preceding the filing date of the patents-in-suit, but did not do so because it needed to further investigate the issue and confirm that it had evidentiary support for the earlier priority date. Rafilson Decl. ¶ 2. Over the summer, CyWee's counsel worked with its client on this, and other discovery matters including ongoing, repeated requests for information and documents as well as counsel's review and production of documents in both English and Chinese. *Id.* The process entailed ensuring an understanding of a party's obligations in the United States legal system by a Taiwanese company primarily familiar with Taiwan's law, and populated by persons with only non-native English language skills. *Id.*

CyWee's counsel, Ari Rafilson, traveled to Taiwan during the last week of September to discuss the status of the case with its client, including Apple's discovery requests and upcoming depositions of CyWee personnel. *Id.* ¶ 3. On September 27, 2016, Apple served an additional interrogatory, requesting that CyWee provide support for "all evidence that CyWee contends corroborates the conception, diligence, and reduction to practice of each element of each Asserted Claim." Ex. E Interrogatory No. 20. CyWee's counsel continued its investigation into these matters pursuant to this new request as well. Rafilson Decl. ¶ 3.

During that trip, CyWee assigned an English-fluent liaison to assist CyWee's counsel in its investigation, and to minimize any language and region-related misunderstandings that had existed on past visits. *Id*. During the trip, which included meetings with named inventors Zhou Ye and Shun-Nan Liou, CyWee confirmed that the inventors conceived of the claimed inventions before it filed the applications for the patents-in-suit, and that CyWee could definitely claim a priority date *at least* as early as the provisional application for all asserted claims of the '438 patent and claims 10 and 12 of the '978 patent. *Id.* In addition, CyWee's counsel also learned that the asserted claims were also likely reduced to practice in a prototype device. *Id.* Next week, CyWee's counsel will again travel to Taiwan to attempt to finalize its investigation into these matters.[4] *Id.* Once CyWee's counsel learned that it could properly claim priority to the provisional application, it acted diligently to amend its contentions by notifying Apple of its intent to amend, and filing this motion.

Even if Apple argues that CyWee was not diligent in amending its contentions, a court may allow an amendment where it is the result of an honest mistake or where the request to amend "did not appear to be motivated by gamesmanship . . . ." *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012). In *Samsung*, Apple was permitted to amend its infringement contentions to add charts for several claims, which it inadvertently omitted due to an "honest mistake." *Id.* CyWee should be afforded the same opportunity to amend its infringement contentions. CyWee does not seek to amend its contentions for improper reasons, but instead to claim an earlier priority date based on recently-learned and verified information.

### b. Apple will not be Prejudiced by the Proposed Amendment.

Apple has not filed any motion that will be impacted or rendered moot by the proposed amendment. Although more than two months remain in the discovery period, no depositions have been taken, and trial is not scheduled to commence until late August 2017. *See* Dkt. No. 95. This

---

[4] CyWee's counsel will promptly produce relevant evidence to Apple following its trip.

PLAINTIFF'S MOTION TO AMEND INFRINGEMENT CONTENTIONS        6        CASE NO. 14-CV-01853-HSG

1  Court has previously held that amendments to contentions are not prejudicial even when made
2  two months from the close of fact discovery. *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05–01550 SI,
3  2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) (finding that the two months until fact
4  discovery cutoff was "ample time" to react to proposed amendments). In this case, that is
5  especially true where the amendment does not change the theory of infringement or the type of
6  evidence to be offered.
7       Further, Apple served extensive amended invalidity contentions on June 14, 2016, which
8  included more than 3,200 pages and alleged prior art references dating back to the 1990's.
9  Rafilson Decl. ¶ 4.

> 5   Examples of prior art sensor fusion algorithms that use predicted accelerations and
> 6   magnetisms include at least the following charted references: MARG system, Twente/Xsens,
> 7   Bachmann Dissertation 2000, Bachmann 2001, Bachmann '148, Yun 2003, Zhu 2004/2007,
> 8   Roetenberg 2006, Yang '347, Tome 2008, Cordova 2009, Fourati 2009, and Lee 2009. The
> 9   references detail the use of predicted accelerations and magnetisms in, for example, elements
> 10  [1m] and [1n] of the charts directed to the '438 patent and [1i] of the charts directed to the '978
> 11  patent. The references further detail the motivations to employ sensor fusion algorithms that use
> 12  predicted accelerations and magnetisms in the same elements of the charts.

17 Apple's invalidity contentions included 51 claim charts. *Id*. Of those charts, the vast majority, 46
18 charts, identify a priority date earlier than the priority date of the provisional application as now
19 claimed by CyWee. *Id*. Four of those charts provide a priority date over a decade before CyWee
20 filed its provisional application. *Id.* Thirty-three of Apple's invalidity charts claim a priority date
21 more than one year before CyWee filed its provisional application. *Id.* Nonetheless, CyWee will
22 agree to allow Apple to amend its invalidity contentions within thirty days to avoid any prejudice
23 it might allege.
24      Charts showing extensive support for the claimed elements are attached as Exhibits F and
25 G. Ultimately, the question of whether adequate support exists is a fact-based inquiry that is
26 properly put to a jury. *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d
27 1285, 1297 (Fed. Cir. 2014). For these reasons, CyWee seeks to modify its infringement
28

contentions, to state that CyWee is entitled to a priority date of at least the filing date of its provisional application for all asserted claims of the '438 patent and claims 10 and 12 of the '978 application, and that CyWee may produce additional information regarding reduction to practice of the claimed inventions in the form of prototypes as a result of counsel's expedited investigation.

### III. CONCLUSION

CyWee has acted diligently in asserting an earlier priority date based on information recently confirmed by it. Further, CyWee could not reasonably have accused the iPhone 7 and iPhone 7 Plus before they were released. For the reasons stated herein, CyWee respectfully requests that the Court allow CyWee to amend its infringement contentions to (1) add the iPhone 7 and iPhone 7 Plus to its contentions, (2) allege that all asserted claims of the '438 patent and claims 10 and 12 of the '978 patent are entitled to an earlier priority date based on the provisional application, and (3) allege a priority date based on CyWee prototypes if ultimately such an allegation is supported and verified by CyWee's counsel.

| | |
|---|---|
| Dated: October 14, 2016 | */s/ Ari Rafilson* <br> Jill F. Kopeikin (State Bar No. 160792) <br> jkopeikin@gcalaw.com <br> Valerie M. Wagner (State Bar No. 173146) <br> vwagner@gcalaw.com <br> GCA LAW PARTNERS LLP <br> 2570 W. El Camino Real, Suite 510 <br> Mountain View, CA 94040 <br> Telephone: (650) 482-3900 <br> Fax: (650) 428-3901 <br> jkopeikin@gcalaw.com <br> vwagner@gcalaw.com <br><br> Michael W. Shore (admitted *pro hac vice*) <br> mshore@shorechan.com <br> Alfonso G. Chan (admitted *pro hac vice*) <br> achan@shorechan.com <br> Jennifer M. Rynell (admitted *pro hac vice*) <br> jrynell@shorechan.com <br> Ari B. Rafilson (admitted *pro hac vice*) <br> arafilson@shorechan.com <br> Yong Peng (admitted *pro hac vice*) <br> epeng@shorechan.com <br> SHORE CHAN DEPUMPO LLP <br> 901 Main Street, Suite 3300 <br> Dallas, TX 75202 <br> Telephone: (214) 593-9110 <br> Fax: (214) 593-9111 <br><br> * Admitted *Pro Hac Vice* <br> Attorneys for Plaintiff <br> CYWEE GROUP LTD |

**CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on October 14, 2016 with a copy of this document via the Court's CM/ECF system per Local Rules.

DATED: October 14, 2016              */s/ Ari Rafilson*
                                                              Ari Rafilson