Jill F. Kopeikin (State Bar No. 160792)
Valerie M. Wagner (State Bar No. 173146)
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 510
Mountain View, CA 94040
Telephone: (650) 482-3900
Fax: (650) 428-3901
jkopeikin@gcalaw.com
vwagner@gcalaw.com

Michael W. Shore (Texas 18294915)*
Alfonso G. Chan (Texas 24012408)*
Jennifer M. Rynell (Texas 24033025)*
Ari B. Rafilson (Texas 24060465)*
Yong Peng (Texas 24099772)*
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111

* Admitted *Pro Hac Vice*
Attorneys for Plaintiff
CYWEE GROUP LTD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> APPLE INC., <br><br> *Defendant*. | Case No. 3:14-cv-01853-HSG <br><br> **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO AMEND INFRINGEMENT CONTENTIONS** <br><br> Hearing Date: December 6, 2016 <br> Hearing Time: 10:00 a.m. <br> Magistrate Judge Howard Lloyd |

# **TABLE OF CONTENTS**

I.  POINTS AND AUTHORITIES ................................................................................................ 1

   A.  Apple's Statements in Opposition. ................................................................................. 1

      1.  Apple's False Claim of Reliance on Later Priority Dates. ............................................ 1

      2.  Apple Clearly Searched for and Disclosed Earlier Art. ................................................ 2

      3.  Apple Has Never Properly Disclosed the iPhone 4 as Prior Art. ................................. 4

   B.  Cywee Demonstrates Good Cause .................................................................................. 8

   C.  Apple Demonstrates No Prejudice by the Proposed Amendment. ................................. 11

      1.  Apple Will Not be Prejudiced by Allowing CyWee to Claim Earlier Priority Dates. .. 11

      2.  Apple Will Not be Prejudiced by Allowing CyWee to Amend its Infringement Contentions to Include Newly-Released Products. ............................................................. 13

II.  CONCLUSION ..................................................................................................................... 13

# **TABLE OF AUTHORITIES**

CASES:

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
  No. C, 06-04206 WHA, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007) .................................... 8, 9

*Componex Corp. v. Electronics for Imaging, Inc.*,
  2014 WL 5361946 (W.D. Wis. October 21, 2014) ................................................................ 4

*DataQuill v. ZTE Corp.*,
  2015 WL 5952897 (E.D. Tex. October 13, 2015) .................................................................. 2

*Generac Power Sys., Inc. v. Kohler Co.*,
  No. 11-CV-1120-JPS, 2012 WL 6562153 (E.D. Wis. Nov. 29, 2012) .................................. 4, 7

*Google v. Netlist,*
  No. 08-4144-SBA, 2010 WL 1838693 (N.D. Cal. May 5, 2010) ....................................... 10, 11

*Harvatek v. Cree*,
  No. 14-5353-WHA, 2015 WL 4396379 (N.D. Cal. July 17, 2015). ......................................... 10

*LG Elecs. Inc. v. Q–Lity Computer Inc.*,
  211 F.R.D. 360 (N.D. Cal. 2002) ........................................................................................... 8

*Martek Biosciences Corp. v. Nutrinova, Inc.,*
  579 F.3d 1363 (Fed. Cir. 2009) .............................................................................................. 2

*Motio, Inc. v. BSP Software, LLC*,
  No. 4:12-CV-647, 2015 WL 9308315 (E.D. Tex. December 22, 2015) ................................... 8

*Network Appliance Inc. v. Sun Microsystems Inc.*,
  No. C-07-05488 EDL, 2009 WL 2761924 (N.D. Cal. Aug. 31, 2009) ..................................... 13

*Pfaff v. Wells Elecs.*,
  525 U.S. 55 (1998) .................................................................................................................. 4

*Richtek v. uPI Semiconductor,*
  No. 09-05659 WHA, 2016 WL 4269095 (N.D. Cal. Aug. 15, 2016) ........................................ 11

*Yodlee, Inc. v. CashEdge, Inc.*,
  No. C 05–01550 SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007) ......................................... 13

STATUTES:

35 U.S.C. § 102(b), App ............................................................................................................... 4

OTHER AUTHORITIES:

Patent Local Rule 3 .................................................................................................................. 3, 4

## I. POINTS AND AUTHORITIES

### A. Apple's Statements in Opposition.

In its Opposition, Apple makes several statements that cannot withstand scrutiny. To begin this Reply, CyWee is compelled to point out them out.

#### 1. Apple's False Claim of Reliance on Later Priority Dates.

Apple's Opposition claims that "[f]or over two years, Apple prepared its defense in reliance on CyWee's disclosures, which would make the iPhone 4 and other products and references prior art, effectively ending this case." Dkt. No. 118 at 1. A reader might assume that Apple has been relying for *over two years* on a November 11, 2010 priority date for the U.S. Patent No. 8,441,438 (the "'438 patent") and a July 11, 2011 priority date for U.S. Patent No. 8,552,978 (the "'978 patent"), and that Apple was denied adequate opportunity to search for earlier prior art or otherwise defend itself.[1] This is simply untrue.

The November 11, 2010 and July 11, 2011 "later priority dates" were alleged by CyWee just over five months ago, in CyWee's May 12, 2016 *amended* infringement contentions (the "CyWee Amended Contentions"), long *after* Apple submitted its first invalidity contentions (the "Apple Original Contentions")[2] on October 27, 2014.[3] CyWee's original infringement

---

[1] CyWee currently alleges that all asserted claims of the '438 patent and claims 10 and 12 of the '978 patent are entitled to a priority date of January 6, 2010, based on provisional application no. 61/292,558. Dkt. No. 103-2 § 3-1(f). CyWee further alleges that all asserted claims of the '438 patent are entitled to an earlier priority date of July 29, 2009, and that claims 10 and 12 are entitled to an earlier priority date of September 25, 2009 based on work related to the JIL Phone prototype. *Id*. CyWee does not allege that claims 1 and 3 of the '978 patent are entitled to a priority date earlier than the filing date of the '978 patent, which is July 6, 2011. *Id.*

[2] *Compare* Dkt. No. 118-2 § 3-1(f) (CyWee's initial infringement contentions, alleging a priority date of January 6, 2010), *with* Dkt. No. 98-2 § 3-1(f) (CyWee's amended infringement contentions stating: "CyWee makes no claim or assertion applicable to this provision at this time, but specifically reserves the right to do so.").

[3] CyWee's February 2, 2015 discovery responses stated that CyWee "does not contend *at this time* that the Asserted claims are entitled to a priority date before the applicable Application Filing Date." Dkt. 118-10 at 15 (emphasis added). The responses also expressly state that "discovery and counsel's investigation is ongoing" and that "CyWee expressly reserves the

**PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO AMEND                    1                 CASE NO. 3:14-CV-01853-HSG
INFRINGEMENT CONTENTIONS**

contentions were served on September 11, 2014 (the "CyWee Original Contentions") and claimed the '438 patent's earlier provisional application priority date of January 6, 2010 for *both* the '438 and the '978 patents.[4] The January 6, 2010 provisional priority date was the *only* priority date that Apple could have possibly relied upon in creating the Apple Original Contentions, served on October 27, 2014,[5] preparing Apple's discovery to CyWee served on December 10, 2014[6] or responding to CyWee's discovery to Apple served on December 5, 2014.[7]

Apple has not been relying on the later priority dates to defend this case. It was not until May 12, 2016, more than 18 months after Apple served the Apple Original Contentions, that CyWee filed the CyWee Amended Contentions claiming the later priority dates, the filing dates of the '438 and '978 patents.[8] So for almost 19 months, the *only* infringement contention priority date Apple could have possibly relied upon in searching for prior art, sending and responding to discovery or developing its defensive case was January 6, 2010, a priority date that pre-dated the iPhone 4 release date, June 24, 2010, by several months.

### 2.   Apple Clearly Searched for and Disclosed Earlier Art.

Apple's Original Contentions disclosed 129 references.[9] Of those references, 113 *predate* the earliest priority date CyWee now seeks permission to present at trial, July 29, 2009.[10] In the Apple Original Contentions, Apple also claimed that 12 anticipating devices were

---

right to supplement, amend, modify or correct its response . . . ." *Id.*
[4] Dkt. No. 118-2 § 3-1(f).
[5] *See* Ex. A. All exhibits cited herein using the format "Ex. ___" are attached to the declaration of Ari Rafilson ("Rafilson Decl.").
[6] Dkt. No. 118-6.
[7] Ex. C.
[8] Dkt. No. 98-2 § 3-1(f).
[9] Rafilson Decl. ¶ 4, Ex. A. References include patents, patent publications, patent applications, and non-patent publications.
[10] *Id.*; *see also* n.1 (listing priority dates). Whether CyWee can establish an earlier priority date is a jury issue. *Martek Biosciences Corp. v. Nutrinova, Inc.,* 579 F.3d 1363, 1369 (Fed. Cir. 2009); *see also DataQuill v. ZTE Corp.*, 2015 WL 5952897 *6 (E.D. Tex. October 13, 2015)

offered for sale, sold, or used.[11] Nine of 12 of those devices *predate* the earliest priority date CyWee now alleges.[12]

In Apple's amended invalidity contentions ("Apple Amended Contentions"), Apple cited an additional 60 prior art references.[13] Of those additional 60 references, the vast majority, 56 references, *predate* the earliest priority date CyWee now alleges.[14] And two of the remaining four references are not charted at all, in violation of Patent L.R. 3-3(c) which requires "[a] chart identifying where specifically in *each alleged item of prior art* each limitation of each asserted claim is found."[15] Apple's violations of Patent L.R. 3-3(c) do not end there. Of the 189 prior art references listed by Apple in the Apple Amended Contentions, 85 do not appear in *any* of its charts.[16] The Apple Original Contentions and Apple Amended Contentions do not differ at all as to the allegedly anticipating devices offered for sale, used or sold before the claimed priority.[17] And most notably, neither of Apple's lists of anticipatory devices includes the iPhone 4.[18]

Both the Apple Original Contentions and the Apple Amended Contentions demonstrate that Apple never limited its prior art search to art that fell within the approximately 11 months between the provisional application date, January 6, 2010, and the '438 patent's application date, November 11, 2010.[19]

---

("Based on the Court's instructions, the priority date decision is just one of many decisions the jury must make in finding validity and infringement.") Allowing CyWee to put that issue before the jury does not mean CyWee will prevail. Apple has not been and is not being deprived of an opportunity to contest CyWee's evidence as to the earlier date.
[11] Ex. A at 12-13.
[12] *Id.*
[13] Rafilson Decl. ¶ 5.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] Compare Ex. A (Apple Original Contentions) at 12-13, with Ex. B (Apple Amended Contentions) at 21-22.
[18] *See* Ex. A at 12-13; Ex. B at 21-22.
[19] The Apple Amended Contentions included 51 claim charts. Rafilson Decl. ¶ 6. Of those

### 3. Apple Has Never Properly Disclosed the iPhone 4 as Prior Art.

Apple's claim in its Opposition that the iPhone 4 is prior art that would "end the case"[20] if CyWee was not allowed to reassert an earlier priority date is legally and factually incorrect for many reasons, the main one being that Apple has never contended nor otherwise placed the iPhone 4 into the case as an invalidating product.

To prove anticipation under 35 U.S.C. § 102(b), Apple "must establish that a 'single reference [or] device' anticipates the [] patent[s]. In other words, [Apple] must show the existence of a single product or single document that clearly anticipates the [] patent[s].). *See e.g., Generac Power Sys., Inc. v. Kohler Co.*, No. 11-CV-1120-JPS, 2012 WL 6562153, at *13 (E.D. Wis. Nov. 29, 2012) (internal citations omitted). When an anticipating reference is a product, the defendant must prove by clear and convincing evidence two elements: First, that the product is covered, or described by the claim(s) of the patents in suit the defendant seeks to invalidate. Second, the defendant must prove infringing acts where the anticipating product was used in the United States before the applicable priority date. *Pfaff v. Wells Elecs.*, 525 U.S. 55, 67 (1998).[21] Understanding these two distinct requirements, the Patent Local Rules require Apple to specify *both* the prior acts of infringement under Patent Local Rule 3.3(a)[22] *and*

---

charts, the vast majority, 46 charts, allege a priority date earlier than the priority date of the provisional application as now claimed by CyWee. *Id.* And 44 of those charts allege a priority date earlier than the earliest date CyWee now claims it is entitled to. *Id.* Four of Apple's charts provide a priority date over a decade before CyWee filed its provisional application. *Id.* Thirty-three of Apple's invalidity charts claim a priority date more than one year before CyWee filed its provisional application. *Id.*

[20] Dkt. 118 at 1.
[21] *See also Componex Corp. v. Electronics for Imaging, Inc.*, No. 13-CV-384-wmc, 2014 WL 5361946 at *19-20 (W.D. Wis. October 21, 2014)(citing to *Pfaff*).
[22] Per Patent L.R. 3-3(a), Apple must disclose "the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known."

| PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO AMEND INFRINGEMENT CONTENTIONS | 4 | CASE NO. 3:14-CV-01853-HSG |

evidence the iPhone 4 is covered, or described by the claims Apple seeks to invalidate under Patent Local Rule 3.3(c).[23] Apple provided neither.

Neither the Apple Original Contentions nor the Apple Amended Contentions list the iPhone 4 as a product whose prior use, sale or offer to sell anticipates any claim of either patent-in-suit.[24] In both contentions Apple lists 12 products under the banner "Prior Art Uses, Sales and Offers for Sale," but *none* of those products are Apple products:[25]

3.  Prior art uses, sales, and offers for sale

| Date | Person(s) Involved | Item |
| --- | --- | --- |
| 2006 (or earlier) | XSENS Technologies BV | MTi (Sold, offered for sale, and used.) |
| 2006 (or earlier) | XSENS Technologies BV | MTx (Sold, offered for sale, and used.) |
| 2007 (or earlier) | Crossbow Technology, Inc. | AHRS440 (Sold, offered for sale, and used.) |
| 2007 (or earlier) | Crossbow Technology, Inc. | AHRS500 (Sold, offered for sale, and used.) |
| April 17, 2009 | Louis LeGrand, Intel Research | InertiaDot IMU Publicly used on YouTube. http://www.youtube.com/watch?v=g-65Q3BpwH4 |

---

[23] "A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found . . . ."
[24] *See* Ex. A at 12-13; Ex. B at 21-22.
[25] *See* Ex. A at 12-13; Ex. B at 21-22. Later in the Apple Amended Contentions, Apple makes cursory allegations that *if* the iPhone 4 infringes, it invalidates the patents-in-suit because it was released in June 2010. Ex. B at 202-203. But Apple simultaneously asserts that the iPhone 4 does *not* infringe. *Id.* at 202. Alleging a product does not infringe cannot satisfy Apple's obligation to clearly detail how an article anticipates the patents-in-suit.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO AMEND INFRINGEMENT CONTENTIONS**     5     **CASE NO. 3:14-CV-01853-HSG**

| Date | Person(s) Involved | Item |
|---|---|---|
| June 5, 2009 (or earlier) | VectorNav Technologies | VN-100 Development Board (Sold, offered for sale, and used.) |
| Jun 18, 2009 (or earlier) | VectorNav Technologies | VN-100, a 22x24 mm chip sized Attitude Heading Reference System (AHRS) Micro AHRS with Extended Kalman Filter Prior Art Use: http://www.youtube.com/watch?v=x1vpl6H42Mo |
| June 24, 2009 (or earlier) | VectorNav Technologies | VN-100 Orientation Sensor Sold, offered for sale, and used. Sale/Offer for Sale: Available online at www.vectornav.com/products for $500. |
| June 24, 2009 (or earlier) | VectorNav Technologies | VN-100 Development Kit (Sold, offered for sale, and used.) Sale/Offer for Sale: Available online at www.vectornav.com/products for $800. |
| Oct 30, 2009 (or earlier) | Caleb Chamberlain CH Robotics | CHR-6dm AHRS (Sold, offered for sale, and used.) CHR-6d IMU configuration software http://www.youtube.com/watch?v=FFwWz9PGDA4 |
| Feb. 25, 2010 (or earlier) | Caleb Chamberlain CH Robotics | CHR-6d 6-axis IMU with EKF (Sold, offered for sale, and used.) Sale/Offer for Sale: Available online at www.chrobotics.com for $125. Combining three accelerometer axes and three rate gyro axes; Onboard Extended Kalman Filter for pitch and roll angle estimation. With Extended Kalman Filter (EKF) for pitch and roll angle estimation. The onboard EKF automatically handles the data-fusion, combining data from both accelerometers and rate gyros to produce pitch and roll angle outputs. |
| February 11, 2010 (Announced) | Caleb Chamberlain CH Robotics | CHR-6dm with EKF. (Sold, offered for sale, and used.) Available online at www.chrobotics.com for $199. Attitude and Heading Reference System (AHRS) combining rate gyros, accelerometers, magnetic sensors, and a 32-bit ARM Cortex processor on one small board. An onboard Extended Kalman Filter (EKF) handles the data fusion problem, reporting yaw, pitch, and roll angles at up to 300 Hz over a simple TTL (3.3V) UART interface. The CHR-6dm provides built-in routines for gyro bias calibration, and PC software is available for automatic soft and hard iron magnetometer calibration. |

Apple cannot meet its obligations under Patent Local Rule 3.3 by simply stating that *if* the jury finds infringement, that same determination can be found to invalidate. To use the iPhone 4 to invalidate any claim of the patents-in-suit, Apple bears the burden of proof and was required *in its invalidity contentions* to judicially admit infringement and provide proof to

PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO AMEND                    6                    CASE NO. 3:14-CV-01853-HSG
INFRINGEMENT CONTENTIONS

support a finding (based on clear and convincing evidence) both that the iPhone 4 is covered, or described by one or more asserted claims and that the iPhone 4 was used in an act of infringement (a use, sale or offer to sell in the United States) that occurred *before* whatever priority date the jury determines applies.[26] But instead of meeting its obligations to unequivocally make and support its invalidity contentions, Apple asserted its position that the iPhone 4 does *not* infringe.[27]

Further, even if the Court allowed Apple to violate the Patent Local Rules and introduce evidence that the iPhone 4 was an anticipatory product, a prior sale of the iPhone 4 will not "end the case" because it indisputably included only one processor, and therefore cannot disclose the "second computing processor," required by claims 1 and 3 of the '978 patent, for "generating the orientation output based on the first signal set, the second signal set and the rotation output or based on the first signal set and the second signal set."[28] Due to the specific requirements for this limitation, CyWee has only accused Apple products beginning with the iPhone 6S, which was not released until September 2015,[29] of practicing this particular limitation.[30]

---

[26] It is actually conceivable that the jury could conclude that the iPhone 4s, an accused product, infringes under the preponderance of the evidence standard but that the Apple iPhone 4 with an identical operating system is not an invalidating product under the stricter clear and convincing standard. A finding of infringement on the preponderance of the evidence standard cannot invalidate a patent under 35 USC § 102(b)'s higher standard of proof. *See e.g., Generac Power Sys., Inc. v. Kohler Co.*, No. 11-CV-1120-JPS, 2012 WL 6562153, at *11 (E.D. Wis. Nov. 29, 2012) (internal citations omitted) "As Generac correctly points out, though, there is a different legal standard for Kohler to prevail on its invalidity claims than for Generac to prevail on its infringement claims. Indeed, invalidity must be established by clear and convincing evidence. Therefore, Kohler must satisfy that heightened standard to show anticipation or obviousness, whereas Generac need only establish infringement by a preponderance of the evidence.)
[27] Ex. B at 202. CyWee has not alleged that the iPhone 4 infringes, and it has no plans to do so at trial. That evidence would have to come from Apple, and Apple denies precisely what it would be required to prove.
[28] *See* Dkt. No. 1-1 cls. 1, 3. CyWee's other asserted claims from the '978 patent, claims 10 and 12, do not include this limitation.
[29] Ex. D at 1.
[30] Dkt. 98-2 at 3.

If the Court allows CyWee to amend its infringement contentions and reassert the earlier priority dates, CyWee will agree to allow Apple to amend its invalidity contentions to properly judicially admit that the iPhone 4 is an infringing product. CyWee, if its amendment is allowed, has no issue with allowing Apple to attempt to prove by clear and convincing evidence both that the iPhone 4 infringes multiple claims of the patents-in-suit and that it was sold or offered to sell before whatever date Apple attempts to prove is the appropriate priority date.[31] If the jury believes Apple has proven an invalidating priority date by clear and convincing evidence and finds for Apple that the iPhone 4 infringes by clear and convincing evidence, Apple may prevail as to some, but not all claims on the issue of anticipation. But for Apple to use the iPhone 4 in any manner at trial, it must be required to comply with Patent Local Rule 3.3 as to its invalidity contentions, plead that the iPhone 4 infringes specific claims of the patents-in-suit, chart those claims as infringed by the iPhone 4, and thereby take its chances on what priority date the jury decides to apply just like any other litigant choosing such a strategy.

It is Apple that is attempting to "play games" by asserting in its Opposition that the iPhone 4 is an infringing, and thus invalidating article while simultaneously denying infringement by the iPhone 4 in the Apple Amended Contentions that do not even list the iPhone 4 as a product Apple will attempt to prove at trial anticipates.

### B. CyWee Demonstrates Good Cause.

This Court has held that its local rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *LG Elecs. Inc. v. Q–Lity Computer Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) (quotes omitted). But it has also noted that "the rule is not a straitjacket into which litigants are locked from the moment their contentions are served." *Comcast Cable Commc'ns Corp., LLC v.*

---

[31] Once CyWee makes a *prima facie* case for the earlier priority date, the burden of proof shifts back to Apple to disprove that earlier date by clear and convincing evidence. *Motio, Inc. v. BSP Software, LLC*, No. 4:12-CV-647, 2015 WL 9308315 *3 (E.D. Tex. December 22, 2015).

*Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007). Here, fairness calls for allowing CyWee's amendment.

When Apple served interrogatories that called for the basis of CyWee's prior claim of an earlier priority date, CyWee's attorneys looked to the material in their possession at the time. That material did not appear sufficient to support the already claimed earlier priority date. At that point, the Firm was ethically required to inform Apple that the earlier date was not currently supportable and then set out to either verify for themselves a good faith basis to make the claim of an earlier priority date existed (or did not). Understanding the obligations to only make allegations that complied with Rule 11, CyWee in May of 2016 amended its infringement contentions to indicate a later date, but in doing so, explicitly and clearly informed the Defendant via an express reservation to claim an earlier date and supplement back to the prior claimed priority date as CyWee's counsel diligently located, organized and evaluated evidence to reveal whether the early priority date claim was legally and factually supportable under Rule 11.

On September 27, 2016, Apple served Interrogatory No. 20, requesting that CyWee provide support for "all evidence that CyWee contends corroborates the conception, diligence, and reduction to practice of each element of each Asserted Claim."[32] CyWee's counsel immediately conducted in-person meetings in Taiwan with Chinese-speaking client representatives and former employees.[33] To facilitate that exchange, the Firm first had CyWee assign an English-speaking liaison to help go back and review the material with counsel that might allow CyWee to claim an earlier priority date.[34] This required locating and setting up interviews with multiple witnesses no longer employed by CyWee, locating and examining old laptop computers and servers, and literally searching warehoused documents and materials on

---

[32] Dkt. 98-6 at 3.
[33] Rafilson Decl. ¶ 7.
[34] *Id.*

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO AMEND INFRINGEMENT CONTENTIONS**     9     CASE NO. 3:14-CV-01853-HSG

multiple trips to Taiwan.[35] The Firm takes its Rule 11 obligations very seriously and expended more than 350 hours of attorney time and over $11,000 in out-of-pocket expenses redoing the investigation.[36] Afterwards, the Firm determined that an earlier priority date as originally disclosed was in fact fully supportable and that an even slightly earlier date was supportable based upon work related to a prototype device recovered in Taiwan.[37] The recovered material was promptly disclosed to Apple in extremely detailed charts, disclosures, and supplements to interrogatories addressing the issue.[38] The Firm believes it has demonstrated not only good cause to allow the amendment back to the originally claimed priority date, but the earlier prototype date as well.

Further, the authority cited by Apple does not require denial of CyWee's motion to amend, as Apple suggests. In the *Harvatek v. Cree* case cited and heavily relied on by Apple for CyWee's alleged failure to show diligence, the plaintiff never filed a motion to amend its infringement contentions and merely produced two foreign language documents that it claimed "may provide evidence of" an earlier invention date. No. 14-5353-WHA, 2015 WL 4396379, at *1 (N.D. Cal. July 17, 2015). Defendant moved to strike the late-produced documents and preclude assertion of an earlier, open-ended invention date. As of the time of defendants' motion, the plaintiff in *Harvatek* had still not identified an earlier conception date. Id. Further, the defendant in that case had a pending early motion for summary judgment that was being held in abeyance at the time. *Id*. at 2. The facts and procedural posture of *Harvatek* are markedly different and distinguishable from the present case.

---

[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] For example, CyWee's Objections and Responses to Apple's Third Set of Interrogatories included detailed claim charts for the JIL phone. Rafilson Decl. ¶ 7. Similar charts were filed under seal on October 26, 2016 as Exhibits B and C to Dkt. No. 103-3.

Likewise, *Google v. Netlist* does not provide support for Apple's argument that CyWee should not be entitled to amend its contentions to include an earlier priority date. No. 08-4144-SBA, 2010 WL 1838693 (N.D. Cal. May 5, 2010). *Google* does not deal with priority at all. In that case, plaintiff sought to amend its contentions "to add six additional infringement contentions based on Claims 2, 3, 5, 7, 9 and 12" of the patent-in-suit. *Id*. at *2. The court found that "Google would suffer undue prejudice if Netlist were allowed to amend its infringement contentions [to add new claims and theories of infringement]. Netlist filed its motion for leave to amend its infringement contentions on the day before the close of fact discovery. In addition, the proposed amendment seeks to add six new claims whereas for the last year, Google has been preparing its case on based only on Claims 1 and 11—the only claims construed at the *Markman* hearing. Permitting Netlist to amend its infringement contentions at this juncture would necessitate reopening discovery and potentially require additional claims construction proceedings." *Id*. at *3. *Google* is not analogous to this case.

Apple's reliance on *Richtek v. uPI Semiconductor* is also misplaced, as the plaintiff in that case—unlike CyWee—failed to disclose an earlier priority date from the outset of the case. No. 09-05659 WHA, 2016 WL 4269095, at *2 (N.D. Cal. Aug. 15, 2016). That plaintiff also failed to even attempt to show good cause or even recognize that it was required to do so: "Richtek seeks to amend its infringement contentions to identify five additional products that Richtek itself manufactured and sold and that it contends practiced the asserted patents. Richtek's motion offers no description of the products, fails to identify their release date, and does not even pay lip service to the requirement to seek this amendment diligently. Richtek also offers no explanation of what purpose this additional disclosure would serve or how it intends to rely on these products in this case." *Id*. at *2-3. *Richtek* does not support Apple's opposition and is not analogous to the situation at hand.

    **C.**    **Apple Demonstrates No Prejudice by the Proposed Amendment.**

        **1.**    **Apple Will Not be Prejudiced by Allowing CyWee to Claim Earlier Priority Dates.**

The timeline and tenor of this case is not as Apple would have the Court believe. CyWee has not engaged in the significant delay that Apple alleges. Apple claims prejudice because of the passage of "key case events long ago, including claim construction and invalidity contentions, and the limited time left to conduct party and third party discovery regarding CyWee's new allegations." Dkt. 118 at 2. First, at the time of Apple's Original Contentions, CyWee was claiming the earlier priority date.[39] Further, CyWee is not relying on any third party documents to support its earlier priority date and Apple has not identified a single third party witness whose testimony would be necessary to enable Apple to oppose CyWee's jury issue on an earlier date. Apple cannot legitimately claim it will be prejudiced and then fail to mitigate the alleged prejudice.

Further, CyWee's claim to an earlier priority date has not hindered Apple's ability to serve or respond to discovery requests. On November 16, 2016, Apple served CyWee with additional requests for production, interrogatories, and requests for admission.[40] And on November 17, 2016, Apple served responses to several of CyWee's discovery requests.[41]

Also, as stated previously, Apple clearly did not restrict its search for prior art to art released after the priority dates CyWee now alleges. This is demonstrated by the fact that the vast majority of prior art identified by Apple predates the earliest priority date now alleged by CyWee, July 29, 2009.[42]

And as stated above, the allegation of the earlier priority date to January 6, 2010 is *not new*, but was the priority date the case was litigated under for the most critical part of the case for Apple (*i.e.* preparation of its invalidity contentions, written discovery, and responses to CyWee's written discovery), and it was reclaimed when CyWee conferenced Apple on this

---

[39] Dkt. No. 118-2 § 3-1(f).
[40] Rafilson Decl. ¶ 8.
[41] *Id.*
[42] Rafilson Decl. ¶¶ 4-6.

motion the first week of October, two months before any CyWee corporate representative or individual witness depositions are scheduled to take place. No pending motion is impacted or rendered moot by the proposed amendment. Trial is not scheduled to commence until late August 2017. *See* Dkt. No. 95. There is no practical reason to deny CyWee a jury issue on the priority date. *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05–01550 SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) (finding that the two months until fact discovery cutoff was "ample time" to react to proposed amendments).

### 2. Apple Will Not be Prejudiced by Allowing CyWee to Amend its Infringement Contentions to Include Newly-Released Products.

There is no prejudice to Apple in permitting CyWee to amend its contentions to include the iPhone 7 and iPhone 7 Plus. *See e.g,. Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-05488 EDL, 2009 WL 2761924, at *3 (N.D. Cal. Aug. 31, 2009) (court found no prejudice to defendant in permitting plaintiff to amend contentions to include a new group of products released by defendant after plaintiff served its infringement contentions). These products were not available previously, and CyWee's infringement theory for these devices is consistent with its allegations for previously-accused iPhones. There would be greater "prejudice" if CyWee were not allowed to add these recently released products and instead had to file a separate lawsuit.

## II. CONCLUSION

CyWee has acted diligently in reasserting an earlier priority date based on recently-confirmed information. CyWee has demonstrated good cause and that Apple will not be prejudiced. Further, CyWee could not reasonably have accused the iPhone 7 and iPhone 7 Plus before they were released. For the reasons stated herein, CyWee respectfully requests that the Court allow CyWee to amend its infringement contentions to (1) add the iPhone 7 and iPhone 7 Plus to its contentions, (2) allege that all asserted claims of the '438 patent and claims 10 and 12 of the '978 patent are entitled to an earlier priority date based on the provisional application, and (3) further allege that all asserted claims of the '438 patent are entitled to an earlier priority

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO AMEND INFRINGEMENT CONTENTIONS**    13    **CASE NO. 3:14-CV-01853-HSG**

date of July 29, 2009, and that claims 10 and 12 are entitled to an earlier priority date of September 25, 2009 based on work related to the JIL Phone prototype.

Dated: November 21, 2016

*/s/ Ari Rafilson*
Jill F. Kopeikin (State Bar No. 160792)
jkopeikin@gcalaw.com
Valerie M. Wagner (State Bar No. 173146)
vwagner@gcalaw.com
GCA LAW PARTNERS LLP
2570 W. El Camino Real, Suite 510
Mountain View, CA 94040
Telephone: (650) 482-3900
Fax: (650) 428-3901
jkopeikin@gcalaw.com
vwagner@gcalaw.com

Michael W. Shore (admitted *pro hac vice*)
mshore@shorechan.com
Alfonso G. Chan (admitted *pro hac vice*)
achan@shorechan.com
Jennifer M. Rynell (admitted *pro hac vice*)
jrynell@shorechan.com
Ari B. Rafilson (admitted *pro hac vice*)
arafilson@shorechan.com
Yong Peng (admitted *pro hac vice*)
epeng@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111

* Admitted *Pro Hac Vice*
Attorneys for Plaintiff
CYWEE GROUP LTD

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on November 21, 2016 with a copy of this document via the Court's CM/ECF system per Local Rules.

DATED: November 21, 2016        /s/ *Ari Rafilson*
                                Ari Rafilson