E-filed 12/14/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYWEE GROUP LTD,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No.14-cv-01853-HSG  (HRL)<br><br>**ORDER DENYING MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 98 |

In the present motion before the court, plaintiff CyWee Group Ltd. ("CyWee") seeks to amend its patent infringement contentions to (1) add two recently released products, defendant Apple Inc.'s ("Apple") iPhone 7 and iPhone 7 Plus, and (2) to allege that the asserted claims of U.S. Patent No. 8,441,438 and claims 10 and 12 of U.S. Patent No. 8,552,978 are entitled to an earlier priority date. For the reasons described below, the court denies the motion for leave to amend.

## BACKGROUND

CyWee served its most recent amended infringement contentions in May 2016. In those infringement contentions, CyWee reserved the right to claim a priority date earlier than the filing of the two patents-in-suit. Dkt. No. 98, Rafilson Decl., Ex. A, § 3-1(f). CyWee did not claim a specific date at that time because CyWee's counsel, who had been talking to their client about asserting an earlier priority date, felt that they did not yet have sufficient verified information to make such an assertion. Dkt. No. 98, Rafilson Decl., at ¶ 2. According to CyWee's counsel, the investigation into the earlier priority date was complicated by the facts that the relevant documents were in Chinese, key witnesses were geographically dispersed (with many in Taiwan), and the technology is complex. *Id.* At the hearing on this motion, counsel for CyWee added that the earlier priority date previously had been confirmed by an attorney who subsequently left the firm.

1  This attorney had not, however, effectively documented his investigation, and so the work had to
2  be repeated.
3       Just prior to (and shortly after) the filing of the motion currently pending before the court,
4  in September and October 2016, CyWee's counsel traveled twice to Taiwan to continue its efforts.
5  Dkt. No. 98, Rafilson Decl., at ¶3; Dkt. No. 103, Rafilson Decl., at ¶ 2.  While there, after
6  additional investigation, CyWee confirmed sufficient information, it asserts, to allow it claim an
7  earlier priority date.  Dkt. No. 103, Rafilson Decl., at ¶ 2.  At approximately the same time, on
8  September 7, 2016, Apple released the iPhone 7 and iPhone 7 Plus.
9       Fact discovery in this case closes on December 16, 2017, and trial is scheduled to begin in
10  late August of 2017.  Dkt. No. 95.

## LEGAL STANDARD

The patent local rules "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006)). While the patent local rules' policy toward amending infringement contentions leans conservative, the patent local rules "are not a straitjacket into which litigants are locked from the moment their contentions are served.  There is a modest degree of flexibility, at least near the outset." *Id.* (quoting *Halo Elecs., Inc. v. Bel Fuse Inc.*, No. C07-06222 RMW (HRL), 2010 WL 3489593, at *1 (N.D. Cal., Sep. 3, 2010).

Patent Local Rule 3.6 governs the amendment of infringement contentions.  It states that amendments "may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6.  Courts evaluating requests for leave to amend apply a two-step analysis to determine if there is good cause: "first the court must determine whether the moving party was diligent in amending its contentions; second[,] the court must determine whether the non-moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at *3.  In establishing good cause, the burden is on the moving party to show diligence. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D.

Cal., Nov. 15, 2012). "If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party." *Id.*

**DISCUSSION**

**1. The Earlier Priority Date.**

CyWee first requests to amend its infringement contentions to assert an earlier priority date for the patents-in-suit based on the conception and reduction-to-practice date of its JIL Phone Prototype or the date of its provisional applications. Dkt. Nos. 98, 103. CyWee asserts that documents related to the JIL phone "were only discovered recently" during an investigation conducted as part of its counsel's in-person visits to Taiwan. *Id.* at 4. Good cause exists to permit its amendment, CyWee argues, because it acted diligently to amend its contentions once it learned of the new documents. *Id.* at 1. Additionally, CyWee's counsel states that it worked diligently on the investigation, overcoming geographic challenges and language barriers (as many of the key documents were located in Taiwan and written in Chinese). Dkt. No. 98, Rafilson Decl., at ¶ 2. Before discovering the information about the JIL Phone in October, CyWee made many of the same arguments to support its request to amend its infringement contentions to assert an earlier priority date based on its provisional applications. Dkt. No. 98, at 6-8.

The court is not persuaded that CyWee acted diligently to discover the new information that led to its requested amendment. Courts in this district have found that parties have not acted diligently where the "new" information had long been available to the party seeking leave to amend. *Collaborative Agreements, LLC v. Adobe Sys., Inc.*, No. 15cv-03853-EMC, 2016 WL 1461487, at *4 (N.D. Cal., Apr. 14, 2016) (finding that the party requesting leave to amend "has entirely failed to show diligence because it had all the information at its disposal at the outset of this litigation but failed to include the information in its infringement contentions."); *Acer, Inc. v. Tech. Props. Ltd.*, Nos. 5:08-cv-00877 JF/HRL, 5:08-cv-00882 JF/HRL, 5:08-cv-05398 JF/HRL, 2010 WL 3618687, at *4-5 (N.D. Cal., Sep. 10, 2010) ("The record indicates only that . . . [the party] re-investigated evidence that was already available and determined that it wished to amend its infringement contentions. Characterizing this course of conduct as 'diligence' under the Patent

Local Rules would eviscerate that requirement."). In *Google, Inc. v. Netlist, Inc.*, the court stated that "[t]he critical issue is not *when* [the party asserting infringement] discovered this [new] information, but rather, whether [it] *could have* discovered it earlier had it acted with the requisite diligence." Nos. C 08-4144 SBA, C 09-5718 SBA, 2010 WL 1838693, at *2 (N.D. Cal., May 5, 2010) (denying leave to amend for lack of diligence).

In the present case, the information upon which CyWee seeks to rely in amending its infringement contentions had been in its own hands for years. It may have been difficult to find—obscured by language barriers and placed at a remove by geography—but the court is not persuaded that these challenges could not have been overcome by a diligent search at or before the outset of this litigation. *See Havartek Corp. v. Cree, Inc.*, No. C 14-0535 WHA, 2015 WL 4396379, at *2 (N.D. Cal. July 17, 2015) ("Havartek attributes its delays to language and geographic barriers, noting in particular that the relevant documents are written in Chinese[;] however, it does not account for the fact that it had the opportunity to conduct a diligent search for evidence of an earlier conception date before filing its complaint herein."). As CyWee's efforts came two years later, the court cannot say that it acted diligently here. Additionally, CyWee's arguments that it acted diligently after an attorney who left the firm failed to adequately document his work do not help it. This now-departed attorney apparently dropped the ball. Current counsel's recent efforts to pick up the ball again do not "cure" the earlier lack of diligence.

Since CyWee did not act diligently, the court denies CyWee leave to amend to assert an earlier priority date.

**2. The iPhone 7 and iPhone 7 Plus.**

CyWee also requests to amend its infringement contentions to accuse the iPhone 7 and iPhone 7 Plus. These products were released in September 2016, several months after CyWee served its May 2016 infringement contentions.

This case has been pending for longer than two years. CyWee already accuses, by this court's count, 20 models of several types of Apple products. Fact discovery closes two weeks after the date of the hearing on this motion to amend, and trial is set to occur in August 2017. Under similar circumstances, courts in this district have declined to permit the amendment of

infringement contentions to include new products. *Rembrandt Patent Innovations, LLC v. Apple Inc.*, Nos. C 14-05049 WHA, C 14-05093 WHA, 2015 WL 8607390, at *3 (N.D. Cal. Dec. 13, 2015) ("It is time to prepare for the trial of the already-accused products, which trial will begin [eight months after the date of the opinion]. There must be some reasonable cut-off date after which Rembrandt cannot further expand the case simply because Apple's product cycle has outpaced the resolution of this case."); *Richtek Tech. Corp. v. uPi Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 1718135, at *3 (N.D. Cal., Apr. 29, 2016) (stating, with eight months until trial, "it is time for the case to narrow, not expand[,]" and denying leave to amend to include new products). In contrast, in cases where amendment to add new products has been permitted, fact discovery has continued for six months after the amendment, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *3 (N.D. Cal., Nov. 15, 2012) (finding that six months of fact discovery did not prejudice the opposing party because it had ample time to investigate and prepare defenses), or the non-moving party did not claim that it would be prejudiced by the amendment or that it would need additional discovery, *Network Appliance, Inc. v. Sun Microsystems, Inc.*, Nos. C-07-06053 EDL, C-07-05488 EDL, 2009 WL 2761924, at *3 (N.D. Cal., Aug. 31, 2009).

With two weeks remaining to discovery and the time to prepare for trial soon to arrive, the court is persuaded that Apple would be prejudiced if the court were to grant leave to amend to add the new products. CyWee thus may not add the iPhone 7 and iPhone 7 Plus to this case.

## CONCLUSION

For the reasons stated above, CyWee's motion for leave to amend its infringement contentions is denied.

**IT IS SO ORDERED.**

Dated: 12/14/2016

HOWARD R. LLOYD
United States Magistrate Judge